**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

| | |
|---|---|
| IN RE:   Ethan Ray Arie, | Case No. 26-50130-KMS |
| Kayla Renee Arie, Debtors | CHAPTER 13 |

### APPLICATION TO EMPLOY SPECIAL COUNSEL

COMES NOW, Debtors ("Applicants"), by and through undersigned counsel, and pursuant to 11 U.S.C. §329, files this Application to Employ Special Counsel in the above Chapter 13 bankruptcy case and in support hereof would show unto the Court the following, to wit:

1. That Debtors represents that in the administration of the above referenced Debtors' estate, it has been determined necessary to employ Special Counsel to provide assistance with the prosecution of the Debtors' Personal Injury and Property claims.

2. That the Debtors desire to employ The Law Office of L. Grant Bennett, Sr., PLLC to render services in connection with the claims as Special Counsel for the Debtor.

3. That it would be in the best interests of the estate that said firm be employed.

4. An attorney for The Law Office of L. Grant Bennett, Sr., PLLC has attached his affidavit hereto, stating that the attorney is a disinterested party to Debtors' estate. See Exhibit "A".

5. That in consideration of said representation, The Law Office of L. Grant Bennett, Sr., PLLC will receive a contingency fee and reimbursement of costs, the total of which will not exceed 50% of the total recovery.

WHEREFORE PREMISES CONSIDERED, Applicants pray that the Court enter an Order authorizing the employment of The Law Office of L. Grant Bennett, Sr., PLLC as Special Counsel for the Debtors under the provisions set forth herein and by Order of this Court.

Respectfully submitted,

Ethan Ray Arie
Kayla Renee Arie, APPLICANTS
BY:

 /s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr. (MSBN 103469)
Jennifer A Curry Calvillo (MSBN 104367)
The Rollins Law Firm, PLLC
P.O. Box 13767
Jackson, MS 39236
601-500-5533
trollins@therollinsfirm.com

# CONTRACT FOR LEGAL SERVICES (FEE AGREEMENT)

The undersigned, **Ethan Arie and Kayla Arie**, (hereinafter each known as **Client**) hereby retains the legal services of the **Law Office of L. Grant Bennett, Sr. PLLC** (hereinafter known as **Attorney**) to represent me and to pursue claims as to all of my legal and equitable rights for recovery of damages for personal injuries and loss of consortium damages sustained as a result of, and arising out of a motor vehicle collision occurring on or about the morning of January 27, 2026, on Highway 42 in Lamar County. I agree that Attorney is allowed to conduct a preliminary investigation at Attorney's own expense upon execution of this Agreement to identify if liability or uninsured/underinsured insurance coverage for this incident may exist or not, and, after such preliminary investigation, Attorney may unilaterally withdraw from representing me should the Attorney in his sole discretion decide to so do upon Attorney notifying me of his withdrawal of representation, in writing, which shall be deemed to terminate this Agreement. If Attorney does not unilaterally withdraw, I authorize Attorney to prosecute my claims against those that may be liable to me (if known) and/or, against my carrier for uninsured/underinsured coverage, if any.

I agree to pay my Attorney, and Attorney agrees to accept a contingency fee based upon percentage of recovery as follows

> 30.00 percent of the total amount recovered through any settlement made before any lawsuit is brought to enforce my claims or interests, prior to deducting any litigation expenses;

> 35.00 percent of the total amount recovered through any settlement made after filing of lawsuit, prior to deducting any litigation expenses;

> 40.00 percent of any settlement made, judgment rendered or verdict obtained in the event said action is tried in court, prior to deducting litigation expenses, whether said trial is completed or not;

> 45.0 percent of any appeal of any such case prior to deducting litigation expenses.

Client agrees that the percentage of Attorney's fees set forth above will, in the event of a structured settlement, be computed on the basis of the present cash value of the settlement, i.e., the amount of cash paid at settlement plus cost to the defendant(s)/Estate/structured settlement agent of all the future payments payable to Client.

Client hereby assigns and gives to Attorney a lien on said claim(s) or cause(s) of action, and on any sum recovered by way of settlement and on any judgment that may be recovered thereon for the sum and share hereinabove mentioned as the Attorney's fee, as well as in the amount of out-of-pocket expenses as may be advanced or incurred by Attorney as set forth hereinbelow.

Client hereby gives to Attorney power of attorney to execute all Complaint(s), Claim(s), Contract(s), Verification(s), Dismissal(s), and Order(s) necessary to further his case, and further empowers Attorney to institute such legal action as may be advisable in Attorney's sole judgment.

Client further agrees that all court costs, filing fees, expert witness fees/retainers, records requests, photos, depositions, transcript costs, court reporter costs, reports, copies, postage, phone, mileage, delivery service, costs for computerized research services, travel (including mileage, parking, air fare, lodging, meals and ground transportation), medical examination costs, medical treatment costs and all other out-of-pocket expenses incurred in investigating or litigating this claim(s) shall be paid by the undersigned with said expenses and also the Attorney's fees being first deducted from the proceeds of any gross recovery, prior to deduction of other

liens/expenses. Subject to Fee Agreement client cancellation/termination provisions herein, *if there is no recovery, Clients' obligation for the payment of these litigation expenses shall be extinguished.*

Subject to Fee Agreement client cancellation/termination provisions below, *said Attorney, by the acceptance of said Contract, agrees to make no charge for services unless recovery is had in the matter.* In addition, said Attorney agrees to make no settlement without the consent of the undersigned and further agrees to represent the Client to the best of his ability.

Client agrees any lien of health care provider(s), health insurance, disability insurance, accident insurance, vehicle insurance, med-pay insurance, Medicare, Medicaid, Medicare Supplement, workers compensation, third-party payer, litigation funder, or similar source claiming a lien, will be deducted from Clients' portion of any recovery after application of the attorney fee percentages and deduction of attorney expenses as well as all other liens/expenses from the gross recovery.

Client agrees that Attorney may retain co-counsel and will not unreasonably withhold Client's consent, and Attorney agrees that Client will be consulted concerning co-counsel and any fee arrangement with co-counsel prior to retention of co-counsel by Attorney. Client agrees to Attorney consulting with potential co-counsel, if any.

Client agrees that Attorney reserves the right to withdraw from representation if, among other things, Attorney's investigation reveals in Attorney's sole opinion, either no actionable conduct/omission exists or that other factors, including financial and causation factors, exist which make continued representation unreasonable for Attorney, including but not limited, to no source of liability and/or uninsured/underinsured insurance coverage exists. Attorney also reserves the right to withdraw from representation if, among other things, Client fails to honor the terms of this FEE AGREEMENT by failing to pay Attorney's invoices (if any, depending if a contingency fee contract or not), by failing to cooperate or follow Attorney's advice on a material matter, or if any fact or circumstance arises or is discovered that would, in Attorney's view, render Attorney's continuing representation unlawful, unethical or unreasonable. Once Attorney has concluded a preliminary investigation and undertaken representation of Client, Client also agrees Attorney is given the right to withdraw from this case after giving Client reasonable notice and Client agrees not to unreasonably withhold consent for Attorney withdrawal. Client agrees to voluntarily join in and sign a related Attorney's Motion to Withdraw if one should become necessary under the terms of this FEE AGREEMENT.

Client agrees not to settle without the consent of Attorney, and Attorney, by acceptance of this employment, agrees not to settle without Client's consent. Client also understands that Client is free to cancel this FEE AGREEMENT and to terminate the services of the Law Office of L. Grant Bennett, Sr. PLLC at any time. However, should Client cancel this Fee Agreement and representation by Attorney, the Law Office of L. Grant Bennett, Sr. PLLC <u>and</u> any other associated and/or retained co-counsel will retain an Attorney's lien and the right to recover the reasonable value of services rendered to date at a rate of no less than $400.00 per hour and all expenses advanced or incurred on Client's behalf.

The outcome of negotiations and litigation is subject to factors which cannot always be foreseen; therefore, it is understood by Client that Attorney has made no promises or guarantees to Client concerning the outcome of this representation and Client understands Attorney cannot make such promises or guarantees. Nothing herein shall be construed as such a promise or guarantee as to the outcome of Client's representation by Attorney.

This FEE AGREEMENT pertains only to legal services rendered and costs and expenses for the matter expressly stated above. It does not relate to any other matter for which Client seeks representation by Attorney. Any other matter will require a separate FEE AGREEMENT.

If any dispute or misunderstanding arises as a result of Attorneys' representation of Client, Client agrees that such dispute or misunderstanding (to include any and all potential causes of action) will first be attempted to be resolved through **MEDIATION** by the parties mutually agreeing upon and jointly employing the services of a neutral mediator with such mediation to be conducted in Hattiesburg, MS. If mediation shall prove unsuccessful in resolving all disputes and/or misunderstandings (to include any and all potential causes of action), then such shall be resolved through **ARBITRATION** following the rules of the American Arbitration Association or by employing the services of some other neutral arbitrator to be mutually agreed upon between the parties.

Date Effective: 02/02/2026

_____
(signature) – Ethan Arie

_____
(signature) – Kayla Arie